## The Chicago Marine and Fire Insurance Co., Appellant, v. Philo Carpenter, Appellee.

### APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

A had been making deposits with the Chicago Marine and Fire Insurance Company, which had accumulated; afterwards it was agreed that A should receive and pay out a certain class of bills on his deposits; the paper so to be received by the depositor ceased to circulate; the bank being his debtor under the agreement to about one hundred dollars, A brought his action and recovered specie value for the deposits due him, made prior to the agreement; and the current value of such as were made afterwards. *Held*, that this judgment should not be disturbed.

The facts of this case are stated in the opinion.

The appellee recovered a judgment against the appellant for $1,927.25, upon the basis stated in the opinion.

C. Beckwith, Fuller & McCagg, and T. Hoyne, for Appellant.

E. F. Runyon, for Appellee.

Walker, J. This was an action of assumpsit, instituted by appellee, to recover the balance of an account against appellant. It was created by deposits of money made with appellant, and extended over a period of time, from November, 1858, till the latter part of May, 1861. The balance remaining due on the account at the time appellee ceased making deposits, appears to have been $2,089.99. The trial resulted in a verdict and judgment against appellant for $1,927.25. A motion for a new trial was interposed and overruled, and this appeal is prosecuted to reverse that judgment.

It appears from the evidence in the record, that appellant, about the last of April, 1861, became unwilling to receive further deposits, in the paper of Illinois banks, unless appellee would agree to receive and pay out such paper during the continuance of the war, which agreement was then made. Appellee at that time had a credit on his deposit account with appellant for a sum nearly equal to the verdict. After

that time he made deposits at different times, amounting to a large sum. He also drew checks against his deposits until the 18th day of May, when all of the paper on the Illinois banks, with a few exceptions, became so far depreciated that it ceased to circulate as money. At that time appellee had a credit of something over a hundred dollars, for deposits made after the agreement to receive and pay out paper on the Illinois banks.

It thus appears, that all the deposits made under the agreement, with the exception of an inconsiderable sum, had been drawn, leaving but a small amount over and above the sum on deposit at the time of entering into the agreement. After that arrangement was made, the checks were no doubt drawn against the deposits made under the agreement, and not on the prior deposits. The previous transactions were evidently upon a specie basis, or why make the agreement to receive and pay out this class of funds? If the deposits prior to the first of May had been made, to be paid in Illinois bank paper, no necessity existed for entering into the agreement. The fact that the agreement was made, clearly shows, that up to that time the deposits were liable to be drawn in specie or at least in par funds. This seems to be the view taken by the jury, as they manifestly treated the deposits made prior to the 29th of April, as specie funds, and the remainder as payable in the paper of Illinois banks, on which they must have allowed the discount proved to have existed.

The agreement, whilst it was in force, would no doubt have compelled appellee to receive paper on Illinois banks in payment, had it been demanded. But the evidence shows, that after the 18th day of May, it ceased to circulate, and was only bought and sold in market at a very heavy discount. After the other parties to the agreement ceased to receive it at par, or in payment of debts, appellee of course ceased to be bound by the agreement. No injustice has resulted, as the jury have allowed appellee, for his deposits prior to the agreement, par value, and on the balance of those afterwards made, no more than their market value. Whilst the jury would have been justified in allowing the full sum of all the deposits, they have

seen proper to act differently, and appellant has no right to complain. The company only has to make payment in accordance with the understanding of the parties when the transactions occurred.

The judgment of the court below is affirmed.

*Judgment affirmed.*